# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LEO LAURENT, JR., #145260**                                              **PETITIONER**

**v.**                                            **CIVIL NO. 1:18-cv-386-HSO-LRA**

**WARDEN FILLYAM**                                                       **RESPONDENT**

## ORDER OF TRANSFER
## PURSUANT TO 28 U.S.C § 1631

This matter comes before the Court, sua sponte, for consideration of the transfer of this case. Petitioner Leo Laurent, Jr. ("Petitioner"), an inmate of the Central Mississippi Correctional Facility, Pearl, Mississippi, brings this pro se Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Pet. [1] at 1. After reviewing the Petition [1] in conjunction with relevant legal authority, the Court finds that the Petition constitutes an unauthorized successive petition.

Petitioner challenges his conviction for murder entered by the Circuit Court of Hancock County, Mississippi, and his resulting sentence of life in the custody of the Mississippi Department of Corrections. Pet. [1] at 1. Petitioner argues that he is entitled to habeas relief based on the following: (1) the trial court failed to allow a mental evaluation prior to Petitioner's trial; (2) Petitioner's trial attorney was ineffective; and (3) "[t]here exists biological evidence which has not been tested or can be tested further per § 99-39-5(2)(ii)." *Id.* at 5-8.

Petitioner has previously filed a federal petition for habeas corpus relief challenging this same conviction and sentence. *See Laurent v. Shaw*, No. 1:13-cv-30-LG-JCG (S.D. Miss. Dec. 4, 2014). The Court considered the merits

of Petitioner's previously filed petition for habeas relief and dismissed it on December 4, 2014. *Id*.

A petitioner who files a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). "Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009).

The Fifth Circuit defines "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id*. at 220 (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (internal quotations omitted). Petitioner's claims in the instant Petition that he was denied a mental evaluation prior to trial, his trial counsel was ineffective, and there was evidence that was not presented at his trial supporting his claim of innocence, were either raised or could have been raised in his previous habeas petition. *See Laurent v. Shaw*, No. 1:13-cv-30-LG-JCG (S.D. Miss. Dec. 4, 2014). Therefore, the Court finds the instant Petition to be successive within the meaning of 28 U.S.C. § 2244(b)(3)(A).

Petitioner fails to submit any documentation demonstrating that he has obtained the required authorization from the United States Court of Appeals for the

Fifth Circuit to file a successive petition. In the interests of justice, pursuant to 28 U.S.C. § 1631, the Court finds that this matter should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination regarding whether this successive Petition should be permitted. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this Petition [1] for habeas corpus relief be, and the same hereby is, **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**IT IS, FURTHER, ORDERED** that the Clerk of Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED AND ADJUDGED,** this the 7th day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE